
George C. Paine, II
US Bankruptcy Judge
Dated: 05/27/10



mk

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TENNESSEE**

DEBTORS **JAMES DAVID GOODSON**      Case No. **10-03861-GP3-13**
**JUDITH ELAINE GOODSON**
**SSN XXX-XX- 7999   SSN XXX-XX- 2650**

ORDER CONFIRMING CHAPTER 13 PLAN, GRANTING CERTAIN MOTIONS
AND NOTICE OF OPPORTUNITY TO OBJECT

The Court determines that it is in the best interest of creditors and the estate to hold a hearing on confirmation earlier than 20 days after the meeting of creditors and that no party has objected to the hearing being held on such earlier date.

A copy of the debtors' plan has been transmitted to scheduled creditors and it has been determined after notice and an opportunity for hearing that the plan meets the confirmation requirements of 11 U.S.C. §1325; therefore, It is ORDERED that:

1. The debtors' plan is confirmed as provided below.

2. The debtors are enjoined from incurring any debts except such debts as may be necessary for emergency medical or hospital care pursuant to 11 U.S.C. §1305. Debtors are enjoined from reducing the amounts withheld for taxes on a W-4 submitted to an employer without trustee consent.

3. **Debtor(s) shall pay:**

   **$2,500.05 WEEKLY from JAMES DAVID GOODSON**

Debtor(s) shall pay to the trustee a minimum base of at least **$650,000.00,** to complete payments under the plan. Any funds from the base, after satisfaction of allowed secured and priority claims pursuant to this order shall be used to increase the distribution to allowed unsecured claims.

4. From funds received, the Trustee shall disburse as follows:

   a. To the Court Clerk the sum of **$235.00** and **$39.00** for filing and noticing fees.

   b. To the Trustee, compensation and expenses pursuant to 28 U.S.C. §586(e) and 11 U.S.C.

   c. To the debtors' attorney, **PERRY R HAPPELL**, the sum of **$4,000.00 to be paid at $500.00 per month.**

   c. Total fee awarded to attorney is **$4,000.00** .

      Initial payment to attorney is **$500.00.**

   d. To creditors holding allowed claims as follows:
      i. To claimholders entitled to priority under 11 U.S.C. §507, payment in full as follows:

   **UNITED STATES TREASURY (06-09 TAXES) paid in full prior to unsecured claims.**

      ii. To claimholders holding allowed secured claims, the amount of such secured claim indicated below not to exceed the present value of each claimholder's security determined by this order pursuant to U.S.C. §506:

| Creditor Name/Collateral | Interest | Value | Month |
|---|---|---|---|

| | Creditor Name/Collateral | Interest | Value | Month |
|---|---|---|---|---|
| 1 | **CHRYSLER FINANCIAL SERVICES AMERICAS LLC** | **3.25%** | **$24,950.41** | **$451.25** |
| | *08 CHRYSLER SEBRING* | | | |
| 1 | **FREEDOM ROAD FINANCIAL** | **3.25%** | **$13,500.00** | **$244.25** |
| | *07 HARLEY DAVIDSON ROAD GLIDE* | | | |
| 1 | **UNITED STATES TREASURY** | **4.00%** | **$27,830.83** | **$513.00** |
| | *06 TAX LIEN* | | | |

The secured claimholders listed above shall retain liens pursuant to 11 U.S.C. §1325 (a)(5)(b), until discharge at which time liens shall be released.

   iii. To creditors holding claims secured by a purchase money security interest in a motor vehicle incurred within 910 days preceding the petition or secured by a purchase money security interest in any other thing of value incurred in the 1 year period preceding the filing as follows:

| Creditor/Collateral | Interest | Principal Amt To Be Pd | Month |
|---|---|---|---|
| --------------- **NONE** --------------- | | | |

The secured claimholders listed above shall retain liens pursuant to 11 U.S.C. §1325 (a)(5)(b), until discharge at which time liens shall be released.

These creditors have either accepted the plan (as designated by an *) or the above claims are not subject to the provisions of §506.

   iv. To the holders of "long term" debts provided for under U.S.C. §1322(b)(5).

| | Creditor | Post Conf. Payment | Last date included in the arrearage claim |
|---|---|---|---|
| ~ + | **BAC HOME LOANS SERVICING** | **$4,353.36** | **5/10** |
| | *1ST MTG CONT-2906 MCLEMORE CR* | | |
| ~ + | **BANK OF AMERICA** | **$468.23** | **5/10** |
| | *2ND MTG CONT-2906 MCLEMORE CR* | | |
| ~ + | **KEYBANK** | **$456.81** | **5/10** |
| | *3RD MTG CONT-2906 MCLEMORE CR-AMENDED* | | |

| Creditor | Amount of Arrearage | Int. on Arrears | Monthly Pym. on Arrears |
|---|---|---|---|
| **BAC HOME LOANS SERVICING** | **$15,827.92** | **0.00%** | **CLASS II** |
| *1ST MTG -2906 MCLEMORE CR* | | | |
| **BANK OF AMERICA** | **$937.23(e)** | **0.00%** | **CLASS II** |
| *2ND MTG -2906 MCLEMORE CR* | | | |
| **KEYBANK** | **$936.46** | **0.00%** | **CLASS II** |
| *3RD MTG -2906 MCLEMORE CR-* | | | |

Arrearages noted above include prepetition arrearages per the proof of claim and post petition, preconfirmation installments.

Pursuant to 28 U.S.C. §586, The United States Trustee has precluded the Trustee from assessing any percentage fee on the maintenance payments of "long term" debts in which arrearage exists that is cured pursuant to 11 U.S.C. §1322(b)(5). Such fee is assessed on disbursements to cure the arrearage.

The Trustee may adjust the postpetition regular payments noted above and payments to the plan in paragraph 3 upon filing notice of such adjustment to debtors, debtors' attorney, creditor, and the U.S. Trustee where, and to the extent the underlying contract provides for modification.

   v. To unsecured claimholders, in classes and paid in classes, sequentially as shown

--------------- **NONE** ---------------

Except as provided immediately above, allowed nonpriority unsecured claimholders will be paid a dividend of at least **53.00**%. The "unsecured pool" shall be not less than **$83,820.00**.

5. Other provisions of the plan, including payments to be made directly by debtors, collateral to be surrendered and other conditions:

    **Surrender the collateral to creditor BB & T. (06 DODGE RAM 3500)**

    **Surrender the collateral to creditor GREENTREE FINANCIAL CORP. (00 SEARAY BOAT)**

    **Surrender the collateral to creditor WELLS FARGO. (1ST MTG-109 RUBEN)**

    **Surrender the collateral to creditor WELLS FARGO. (2ND MTG-109 RUBEN)**

    **MCCLEMORE FARMS HOA (MORTGAGE REGULAR PAYMENT) Paid direct by debtor. (HOA-2906 MCLEMORE CIR)**

    **Debtor(s) to attend IRS Business Workshop within 180 days of confirmation.**
    **Insurance proceeds in excess of BB&T lien shall be paid to Chapter 13 Trustee.**
    **Trustee to pay insurance proceeds to IRS (proceeds impressed with lien). IRS claim to be credited insurance proceeds.**

    **Debtors to have business meeting with Trustee no later than July 31, 2010.**

If there is a surrender of property securing a claim, the automatic stay of 11 U.S.C. §362(a) is terminated to permit recovery and disposition of the surrendered property.

6. The plan rejects all executory contracts, except such executory contracts as follows:

    **Assume executory contract with BLUEGREEN CORP at $168.72 per month to a total of $3,500.00(e). (TIMESHARE)**

7. The plan is expected to last approximately **60** months. The plan will complete only when the plan has satisfied all secured, and priority claims and the "unsecured pool" has been distributed to unsecured creditors.

8. Creditors not advising the Trustee of address changes may be deemed to have abandoned claims.

9. All property shall remain property of the estate and shall vest in the debtors only upon dismissal, discharge or conversion. The debtors shall be responsible for the preservation and protection of all property of the estate not transferred to the Trustee.

10. Post-petition claims, allowed pursuant to 11 U.S.C. §1305, shall be paid in full but subordinated to the payment of unsecured claims as provided in Paragraph 4 above.

11. The Debtors motion to declare that all information required under §521(a)(1)(B) has been granted and the case has not been dismissed pursuant to §521(i).

**NOTICE OF OPPORTUNITY TO OBJECT**

PURSUANT TO 11 U.S.C. §1323 AND 1324 AND FED. R. BANKR. P.9021, 2002 AND 3015, AS TO ANY PRECONFIRMATION MODIFICATIONS OF THE PLAN THIS ORDER SHALL NOT BECOME FINAL FOR 25 DAYS. ANY PARTY IN INTERST SEEKING TO BE RELIEVED FROM ITS PROVISIONS PURSUANT TO RULE 9023 FED. R. BANKR. MUST FILE A MOTION WITHIN THAT 25 DAY PERIOD. FAILURE TO FILE SUCH MOTION SHALL BE DEEMED A WAIVER OF ALL OBJECTIONS TO ANY CHANGES OR MODIFICATIONS TO TREATMENT OF CLAIMS MADE AT CONFIRMATION AND AN ACCEPTANCE OF THE PROVISIONS OF THIS CONFIRMED PLAN. THE TRUSTEE MAY DISBURSE FUNDS PURSUANT TO THIS CONFIRMATION ORDER UPON ENTRY.

Approved:

/s/PERRY R HAPPELL
ATTY FOR THE DEBTOR
BLACKBURN & MCCUNE
101 LEA AVE
NASHVILLE, TN 37210
615-244-0358
bkHappell1@blackburnandmccune.com

341 Date: **May 25, 2010**
Case no: **10-03861-GP3-13**
Printed: **05/26/2010**    **2:56 pm**

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.